# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

KAREN DURDEN and
MICHAEL DURDEN,

    Plaintiff,

v.                                                                  CASE NO.: 5:20-cv-00106-AW-MJF

AIG PROPERTY CASUALTY COMPANY,

    Defendant.
_____/

## JOINT REPORT FOR PARTIES' PLANNING CONFERENCE AND PROPOSED ALTERNATIVE DISCOVERY AND SCHEDULING DEADLINES

The parties, pursuant to Rule 26(f), Federal Rules of Civil Procedure, and this Court's April 8, 2020, Initial Scheduling Order (Doc. 3), hereby file the following Joint Report for the Parties' Planning Conference and would state as follows:

**1.  CONFERENCE ATTENDANCE**

On May 5, 2020, counsel for Plaintiffs, Michael P. Dickey, Esq., and counsel for Defendant, Thomas J. Moody, Esq., attended, by telephone, a Joint Planning Conference in this matter. Counsel jointly states that the following statements and proposed deadlines were agreed upon by both parties and respectfully requests this Court adopt the parties' proposed deadlines.

1

## 2. MAGISTRATE JURISDICTION

Pursuant to Local Rule 73.1, the parties have conferred regarding Magistrate Judge jurisdiction over this case.

## 3. NATURE AND BASIS OF CLAIMS AND DEFENSES

Plaintiff states the Durdens owned a home in Panama City Beach that was insured under a policy issued by defendant AIG. The home was badly damaged in Hurricane Michael. The Durdens contend that AIG breached its obligations under the policy by not paying the claim in accordance with the policy's express terms, and not diligently adjusting the claim once AIG was on notice of the loss. The Durdens are entitled to attorneys' fees and costs pursuant to sec. 627.428, Florida Statutes.

Defendant states that Plaintiffs' cause of action is based upon an insurance contract, and Defendant's duties and obligations are determined by the insurance contract. Defendant further states that is has complied with all of its duties and obligations set forth in the insurance contract. Plaintiffs have exaggerated and inflated their purported damages, and mischaracterized purported damages that are expressly excluded from coverage under the policy. Defendant further states that Plaintiffs have failed to comply with Plaintiffs' duties and obligations under the insurance contract, and have failed to comply with the Duties After Loss provision of the policy. Moreover, Plaintiffs materially breached the policy, and voided

coverage as a matter of law. Defendant states that it does not owe Plaintiffs any money or other relief for the claimed loss described in the Amended Complaint.

**4.      PROMPT SETTLEMENT POSSIBILITY**

Prompt settlement or resolution may be assisted by mediation.

**5.      PARTIES DISCOVERY REQUIREMENTS**

The parties proposed discovery requirements and dates are set forth in the table below. Otherwise, the parties state that discovery will commence immediately.

    A.   Disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business.

    B.   The parties will make every effort to produce the electronic documents either via electronic dropbox/file sharing, compact discs, flash drives, or electronic mail.

**6.      DISCOVERY OF ELECTRONIC OR COMPUTER BASED MEDIA**

The parties will likely request or produce information from electronic or computer-based media.

    A.   Disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business.

    B.   The parties will make every effort to produce the electronic documents either via electronic dropbox/file sharing, compact discs, flash drives, or electronic mail.

      C.    The parties agree that reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business.

      D.    If privileged information is inadvertently produced, the parties will comply with Fed. R. Evid. 502 and Fed. R. Civ. P. 26(b)(5)(B).

No other problems are anticipated by the parties in connection with electronic discovery.

## 7.    **TRIAL DATE ESTIMATE**

The parties estimate that this matter will be ready and counsel will be available for trial in the weeks beginning April 5, April 12, May 10, or May 17, 2021. These dates not only account for the anticipated discovery to be completed in this matter, but also contemplate lead counsels' current and pending trial commitments. Further, all counsel agree that this matter could not be prepared for trial before April 5, 2021. Therefore, undersigned counsel and the parties respectfully request this Court accept these proposed trial dates. Upon detailed review of the calendars of both parties, both parties agree that April 5, 2021 is the first mutually agreeable time that lead counsel for both parties have availability.

## 8.    **RULE 26(a)(1) DISCLOSURES**

The parties will complete Rule 26(a)(1) disclosures on or before May 22, 2020. The parties request that the Court accept this change to the Initial Scheduling

Order because the parties reasonably anticipate that they will be unable to receive and review materials necessary for completing the Rule 26(a)(1) disclosures prior to May 22, 2020.

9. **MANUAL FOR COMPLEX LITIGATION**

This case should not be subject to the Manual for Complex Litigation.

10. **PARTIES PROPOSED TIMETABLES AND DEADLINES**

| EVENT | PROPOSED DATES |
|---|---|
| Join Parties and Amend Pleadings | Plaintiffs – May 20, 2020<br>Defendant – May 27, 2020 |
| Mandatory Initial Disclosures, pursuant to Fed.R.Civ.P. 26(a)(1) | All Parties – May 22, 2020 |
| Mediator must be selected | September 1, 2020 |
| Expert Witness Disclosure | Plaintiffs – September 30, 2020<br>Defendant – October 30, 2020 |
| Witness and Exhibit List | Under Rule 26(a)(3), in accordance with the Court's Scheduling Order to be entered after completion of discovery |
| Mediation shall begin by | November 13, 2020 |
| Mediation shall be completed by | November 27, 2020 |
| Discovery Deadline | January 29, 2021 |
| Dispositive & Daubert Motions | March 1, 2021 |
| Joint Final Pretrial Statement | March 19, 2021 |
| All Other Motions Including Motions in Limine | March 19, 2021 |
| Final Pretrial Conference | In accordance with the Court's Final Scheduling Order and Order Setting Trial |
| Trial Term Begins | Per Court Order |
| Estimated Length of Trial | 5 days |
| Jury/Non-Jury | Jury |

5

**Dated**:  May 20, 2020

| | |
|---|---|
| CLAUSEN MILLER P.C.<br>4830 West Kennedy Blvd., #600<br>Tampa, FL 33609<br>Telephone: 312-606-7782<br>TMoody@clausen.com<br>**Attorneys for Defendant** | DUNLAP & SHIPMAN, P.A.<br>2063 S. County Hwy 395<br>Santa Rosa Beach, FL 32459<br>Telephone: 850-231-3315<br>mdickey@dunlapshipman.com<br>**Attorneys for Plaintiff** |
| By: */s/ Thomas J. Moody*<br>THOMAS J. MOODY<br>Florida Bar No.: 123618 | By: */s/ Michael P. Dickey*<br>MICHAEL P. DICKEY<br>Florida Bar No.: 115606 |

6638559.1