IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KAREN DURDEN and
MICHAEL DURDEN,

    Plaintiffs,

v.                                                  Case No. 5:20-cv-106-AW-MJF

AIG PROPERTY CASUALTY
COMPANY,

    Defendant.

_____/

## SCHEDULING AND MEDIATION ORDER

The court has considered the parties' Rule 26(f) report (ECF No. 10). It is now ORDERED:

1.    The jury trial is set for the trial period that begins on April 14, 2021. Any party with a conflict during that trial period must file a notice within 14 days of entry of this order.

2.    The deadline to complete discovery is extended to January 29, 2021.

3.    The parties' Rule 26(f) report (ECF No. 10) will control the matters it addresses, except to the extent of any conflict with this order. On matters not addressed in this order or the parties' Rule 26(f) report, the Initial Scheduling Order (ECF No. 3) remains effective.

4.    Each party must supplement its Rule 26 disclosures promptly after a supplement becomes necessary. *See* Fed. R. Civ. P. 26(e). Each party must

1

supplement in time to ensure the opposing party is not prejudiced by any failure to supplement immediately after the information was (or should have been) discovered.

5. The deadline for summary judgment motions is 21 days after the close of discovery, but parties may file them earlier. It is rarely necessary to wait until the end of all discovery. Local Rule 56.1 applies to summary judgment motions. In addition, parties must follow these procedures for all summary judgment motions:

    a. Parties must first file a notice listing exhibits to be filed in support of (or in opposition to) summary judgment. The exhibits themselves must be filed as attachments to the notice. (Exhibits that cannot be filed on CM/ECF (*e.g.*, video files) may be submitted to the clerk.)

    b. The filing party must then file the summary judgment motion (or response) citing to the ECF number for each referenced exhibit, along with the pertinent page number.

    c. Any deposition transcript filed must be filed in text searchable form.

6. Deadlines will be determined based on this order, other applicable orders, and governing rules. Text in the clerk's docket entries are for the clerk's internal use and are not controlling.

7. A separate order for pretrial conference (to be issued later) will set a deadline for a pretrial attorney conference. That deadline will also be the deadline for Rule 26(a)(3) disclosures. The deadline to object under Rule 26(a)(3) is seven days later.

8. Any motion in limine or other pretrial motion must be filed no later than 15 days before the pretrial conference. A response to any motion in limine or other pretrial motion must be filed within the deadline set out in Local Rule 7.1(E), but must also be filed no later than 5 days before the pretrial conference.

9. This case is referred to mediation. (Either party may move to abrogate this requirement if there is good reason to do so.) The following procedures apply to the mediation:

   a. The parties may select a mediator by agreement. If the parties have not agreed 21 days before the discovery deadline, the plaintiff must immediately file a notice reporting their inability to agree, and I will appoint a mediator.

   b. Unless otherwise ordered or agreed, the parties must share equally the mediator's fee. They must pay in the manner the mediator determines.

   c. The deadline to mediate is 14 days after the close of discovery. It may begin at any earlier time. Mediation may continue after the deadline if the mediator determines, after substantial mediation proceedings, that further mediation is warranted. The mediator or a party must file a report within 14 days after mediation ends indicating when mediation was conducted and the outcome (that is, whether the case was settled or impasse was declared). If the case is settled in full, the parties must notify the court immediately.

   d. Each party and an attorney for each represented party must attend the mediation. A corporation, other organization, or governmental entity—or government officer sued in his or her official capacity—must attend through a representative having full authority to settle the entire case without further consultation. The mediator may waive the requirement that the attending representative's full authority to settle be without further

  consultation. The parties may also waive the requirement by agreement. An Assistant United States Attorney may attend for the government.

 e. If a party is insured, a representative of the insurer having full authority to settle without further consultation must attend, unless excused in advance on a motion showing good cause. The mediator may waive this requirement. The parties may also waive this requirement by agreement.

 f. Everything said during mediation—other than the terms of any settlement agreement—is confidential and inadmissible as settlement negotiations.

 g. Any settlement must immediately be reduced to writing in the mediator's presence and must be signed by each party and an attorney for each represented party.

 h. An attorney for each party must, within 14 days of the date of this order, consult with the party about the advantages (including savings of costs and attorney's fees) and disadvantages of proceeding with mediation immediately. On a party's motion, the court will consider ordering that mediation begin before the deadline in this order.

SO ORDERED on June 1, 2020.

          s/ *Allen Winsor*
          United States District Judge